## AMY *vs.* YOUNG.

A person in failing circumstances handed a roll of bills to his son without counting them, and asked him if he wished to purchase the notes and obligations he held against people. He then delivered to him a bundle of notes without reckoning their amount and received from his son the roll of bills. The father then handed the bills to the plaintiff, and the son proposed to sell him the notes, delivered them to him, and received the roll of bills, which he returned to his father. In an action of assumpsit upon a note, dated a few months before this transaction, made by the defendant, payable to the father and by him indorsed to the plaintiff, it was *held* that there was competent evidence to be submitted

Amy v. Young.

to the jury that the note in suit was included in the bundle of notes, and that it was transferred to the plaintiff without consideration, in trust for the father.

ASSUMPSIT upon the defendant's promissory note, dated July 4th, 1840, and payable to Samuel Ash, or order, in sixty days, with interest, and indorsed to the plaintiff.

It appeared in evidence that the defendant paid a portion of the amount of said note to Ash, in September, 1840, and that the remainder of it was paid to Ash in December, 1840, and that these sums were received by Ash in payment of the note.

In order to prove that at the time when the payments were made, and at the present time, Ash was the owner of the note, and the payments rightfully made, the defendant introduced David Cowen as a witness, who testified that in the latter part of the fall of 1840, or the fore part of the winter of 1840–1, he, at the request of Ash, went to his house as a witness to the following transaction. After his arrival, Samuel Ash handed to his son, Phineas Ash, a roll of bank bills, and then inquired of his son if he did not wish to purchase the notes and obligations which he held against people, and his son replied that he did. Samuel Ash then handed to Phineas a bundle of notes and obligations, without reckoning their amount, and received back what seemed to be the bills he had delivered to his son, but without any count. Thereupon Samuel Ash handed some bills to George Amy, the plaintiff. Then Phineas Ash proposed selling to Amy the notes and obligations which he had received of his father, and Amy said he would purchase them, and the notes and obligations were handed by Phineas Ash to Amy, and Amy handed to Phineas the same bills which he had received of Samuel Ash. The bills were not then counted nor were the notes reckoned up, to ascertain their amount. The money was then handed by Phineas Ash to Samuel Ash. The witness did not know or see who were the signers of the notes and obligations. He saw only the bundle.

Samuel Ash failed about the time of this transaction.

The court instructed the jury that it was competent for them, upon the evidence, to find that the note in suit was delivered to the plaintiff at the time of the transaction aforesaid, and as one of the bundle of notes, and that the same was transferred with-

out consideration, and, if they so believed, the defendant was entitled to a verdict.

A verdict was returned for the defendant, and the plaintiff excepts to the instructions, and for an alleged error therein, and moves to set aside the verdict.

*Morrison,* for the plaintiff. The note became due in the month of September, 1840, and the presumption of law is that it was transferred before that time ; and the presumption must be overcome by evidence, which in this case is not enough even to raise a suspicion. The evidence of payment cannot be admitted unless this presumption be rebutted.

The court ruled that there was evidence that this note might have passed as one of a bundle of notes. But does the evidence fairly tend to show that it did pass at that time ? We think there is nothing from which this inference can be made. True, Samuel Ash asked his son if he wished to buy the notes, but there is no evidence tending to show that this note was then in his possession.

*Bellows,* for the defendant. We admit that we must show that the note was paid before it was transferred. If the evidence tended to show that, it is enough. But upon this there could have been no doubt. The jury must have a moral conviction upon their minds, strong as the most plenary proof, that such was the case. 1 *St. Ev.* 399, 444.

GILCHRIST, J. When Samuel Ash asked his son if he wished to purchase " the notes and obligations he held against people," and he said he did, what notes must the parties have understood were referred to ? As no notes were specified, the proposition referred as well to one note as to another ; and as something was meant by the proposition, the description must include all the notes he held, and this note he then held in his possession. If the father had, as seems probable, a fraudulent purpose in transferring any notes, he had the same object in transferring all of them ; and if he transferred any, it is a very probable deduc-

Amy *v.* Young.

tion from the facts that this note was included.    If the note were included, it would have been very singular if the jury had found that there was any consideration for the transfer.    There is no pretence of a gift in the case.    The transaction purports to be a sale for something which appears like, but is not a consideration.

We think the instruction of the court was correct.    The whole transaction seems to have been as destitute of ingenuity as of honesty.    The father was in failing circumstances.    He handed to his son a roll of bills without counting them.    He asked him in the most indefinite manner if he desired to purchase the notes and obligations he held against people.    He then handed him the bundle of notes without reckoning their amount, and received the roll of bills he had just delivered.    Then the father handed the roll of bills to the plaintiff, and the son proposed to sell the notes to him.    The bundle of notes was then handed to the plaintiff, and he delivered the roll of bills to the son, who returned it to his father.    This device was considered so perfect that a person was called in to witness it, but it seems to have deceived no person but the parties to it.    It is very clear that there was competent evidence that the note was included in the bundle, and that the transfer to the plaintiff was without consideration, and in trust for the father.    The payment to him, therefore, discharged the note.

*Judgment on the verdict.*